IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


VERNON J. AMOS,

                    Petitioner,

          v.                              CASE NO. 04-3138-SAC

RAY ROBERTS, et al.,

                    Respondents.



## MEMORANDUM AND ORDER

     Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the record which includes respondents' answer and return and petitioner's traverse, the court finds this mater is ready for decision.


*Background*

     Petitioner and others, including Phillip Miller, were in a car in which Antwuan James was shot and killed in 1999. Miller provided information that led to petitioner's arrest, and was the State's primary witness in petitioner's trial.

     A jury convicted petitioner of first degree murder and conspiracy to commit aggravated robbery. The Kansas appellate courts affirmed these convictions in petitioner's direct appeal,[1] and later affirmed the denial of relief in petitioner's post-

_____

     [1]State v. Amos, 271 Kan. 565 (2001).

conviction proceeding.[2]   Petitioner filed the instant action seeking relief under § 2254 on four grounds, claiming: (1) the prosecutor secured petitioner's conviction through the use of coerced and perjured testimony; (2) his trial counsel was constitutionally ineffective; (3) the state charging document was fatally defective; and (4) the prosecutor withheld exculpatory evidence.

*Standard of Review*

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act in April 1996, federal habeas relief is unavailable on any claim adjudicated on its merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1)-(2).

If a state prisoner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice."   Coleman v.

---

[2]Amos v. State, No. 90683 (Kan.Ct.App. January 9, 2004)(Unpublished Opinion), *rev. denied* April 1, 1994.

Thompson, 501 U.S. 722, 749 (1991).  *See also*, Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993).  The procedural default doctrine bars a federal court's review of a state prisoner's federal claim if the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim, as the exhaustion doctrine requires, and the prisoner cannot cure that failure because state court remedies are no longer available.  *See* O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine); Coleman v. Thompson, 501 U.S. at 732(recognizing anticipatory procedural default).

## Discussion

*Prosecutorial Misconduct (Grounds I and IV)*

Petitioner claims Miller's testimony was coerced through misconduct by the prosecutor and law enforcement officers who allegedly conspired to deny the petitioner a fair trial. Petitioner claims Miller's testimony was procured through a favorable plea agreement, and cites inconsistencies and other factors as bearing on the credibility of Miller's testimony. Petitioner also claims the prosecutor failed to produce evidence bearing on Miller's testimony, and argues such evidence might have mitigated against the jury's finding of guilt.

The record discloses that petitioner asserted these claims for the first time in his motion for post-conviction relief under K.S.A. 60-1507.  The state district court judge denied petitioner's request for a hearing and for appointment of

counsel.   It also summarily denied post-conviction relief, finding petitioner's allegations were fully explored during petitioner's trial and unsuccessful direct appeal,[3] and finding petitioner had not demonstrated good cause for utilizing a post-conviction proceeding as a second appeal.

Petitioner appealed that decision, but claimed only that his allegations in the post-conviction motion were sufficient to require an evidentiary hearing and appointment of counsel.[4]   The Kansas Court of Appeals affirmed the district court's dismissal of the post-conviction motion, finding petitioner's pleadings failed to raise sufficient facts warranting a hearing or appointment of counsel, and stating that petitioner's claims of coerced witness testimony and missing evidence were not supported by the record on appeal.   The Kansas Supreme Court denied petitioner's request for further review.

In their answer and return, respondents argue that habeas review of these claims is barred by petitioner's procedural default in presenting these claims to the state courts in a proper manner for full and complete review.   Petitioner's

_____

[3]In his direct appeal, petitioner challenged the sufficiency of the evidence supporting his murder conviction.  That challenge centered on petitioner's claim that there was insufficient evidence of a premeditated killing.  Nothing in the appellate briefs filed in that appeal, or in the Kansas Supreme Court's decision, addresses any concern regarding the credibility of Miller's testimony or the withholding of exculpatory evidence.

[4]Petitioner also challenged the district court's jurisdiction, alleging the case number on the judgment entered in the post-conviction proceeding was not correct.  The Kansas Court of Appeals found no factual basis for this claim in the district court's record.

contention that the procedural default bar does not apply because the State failed to assert it is not accurate.  Respondents' answer and return clearly argues for application of the procedural default doctrine, and thereby afforded petitioner an opportunity to respond to the identified procedural bar.  Hardiman v. Reynolds, 971 F.2d 500, 501-02 (10th Cir. 1992)(habeas petitioner entitled to opportunity to demonstrate an exception to the procedural bar).

Petitioner also contends there was no procedural default because he formally objected to his appellate counsel's failure to raise these issues, and obtained leave to file a supplemental pro se brief.  Petitioner acknowledges, however, that he failed to submit such a brief to the Kansas Supreme Court.[5]

To the extent petitioner alleges his appellate counsel was constitutionally ineffective by not raising all claims in petitioner's direct appeal, no "cause" for petitioner's procedural default is established.  While attorney error amounting to constitutionally ineffective assistance of counsel can constitute "cause" for a prisoner's procedural default, see Coleman, 501 U.S. at 754, an ineffective assistance of counsel claim asserted as "cause" to overcome procedural default must be presented as an independent claim to the state courts.  Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); Hawkins v. Mullin, 291

_____

[5]After petitioner's appointed counsel filed an appellate brief, the Kansas Supreme Court granted petitioner's pro se motion to file a supplemental pro se brief.  Petitioner sought and obtained two extensions of time until November 27, 2000, to file said brief.  Petitioner failed to do so, and four months later the state appellate court scheduled the appeal to be heard.

F.3d 658, 670 (10th Cir. 2002), *cert. denied*, 537 U.S. 1173
(2003).  Petitioner clearly has not done so in this case.

Petitioner also contends limited access to legal resources
during his incarceration constituted an external impediment to
his ability to file a pro se brief in his direct appeal.
Nonetheless, it is recognized that prisoners are not entitled to
unrestricted access to a law library and legal assistance.  <u>Lewis
v. Casey</u>, 518 U.S. 343, 351 (1996).  Petitioner's broad and
conclusory claim of an impediment fails to demonstrate that
shortcomings in the prison law library hindered his ability to
file a pro se appellate brief in his direct appeal, and
demonstrates no "cause" for overcoming the procedural bar to
federal habeas review of his claims. *Compare* <u>Miller v. Marr</u>, 141
F.3d 976, 978 (10th Cir.)(failure to specify the alleged lack of
access to library and the steps taken to diligently pursue
federal claims is insufficient to justify equitable tolling for
purposes of filing habeas petition), *cert. denied*, 525 U.S. 891
(1998).

Accordingly, the court finds petitioner has neither
demonstrated cause and prejudice for failing to present his post-
conviction claims for full and adequate state court review, nor
that manifest injustice will result if any of his post-conviction
claims are not considered.  The court thus concludes federal
habeas review of Grounds I and IV is procedurally barred.


*Ineffective Assistance of Trial Counsel (Ground II)*

Petitioner also seeks relief under § 2254 on his claim that

trial counsel failed to provide effective assistance as guaranteed under the Sixth Amendment.

Petitioner failed to assert this claim in any state court appeal, and relief on such a claim in the state courts would now appear to be foreclosed by time limitations and restrictions on second or successive post-conviction motions.[6]   Accordingly, federal habeas review of this claim also is barred by petitioner's procedural default.   For the reasons stated herein above, petitioner demonstrates no basis for overcoming this procedural bar.

*Defective Charging Document (Ground III)*

The jury convicted petitioner of aiding and abetting first degree premeditated murder.   Petitioner argues the criminal information filed against him was defective because it failed to include aiding and abetting as an element of the crime for which he might be convicted.

Unlike petitioner's previous claims, petitioner fully exhausted state court remedies on this final ground.   The Kansas Supreme Court rejected petitioner's claim that the charging document was defective, finding state law did not require the State to charge aiding and abetting in the charging document to pursue such a theory at trial.[7]   It further found, and petitioner

_____

[6]*See e.g.*, K.S.A. 60-1507(c)(sentencing court not required to entertain a second or successive 1507 motion); K.S.A. 60-1507(f) (one year limitations period applies to 1507 motions).

[7]State v. Amos, 271 Kan. at 569 (*citing* State v. Pennington, 254 Kan. 757 (1994)).

acknowledges, that sufficient evidence was presented to support the trial court's instruction to the jury on aiding and abetting premeditated first degree murder.[8]

"It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process." Jackson v. Virginia, 443 U.S. 307, 314 (1979). A charging instrument may violate the Sixth Amendment if it fails to provide a defendant with adequate notice of the nature and cause of the accusations filed against him. Johnson v. Gibson, 169 F.3d 1239, 1252 (10th Cir.), cert denied, 528 U.S. 972 (1999). The adequacy of a state criminal complaint or indictment, however, generally presents a question of state rather than federal law. Id.

Petitioner's challenge to the charging document on state law grounds presents no cognizable claim for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-69 (1991). And under the circumstances of petitioner's criminal proceeding, the alleged defect in the charging document involved no error "so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process." Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002)(citation omitted), cert. denied, 537 U.S. 1021 (2002).

The court thus finds the Kansas Supreme Court's determination of this issue was neither contrary to or an unreasonable

_____

[8]Id. Additionally, although the criminal information did not specify whether petitioner was charged with premeditated murder, K.S.A. 21-3401(a), or felony murder, K.S.A. 21-3401(b), the Kansas Supreme court noted that the jury was not instructed on felony murder, and found no confusion as to whether the jury convicted petitioner of premeditated murder on an aiding and abetting theory, or of felony murder. Id.

application of clearly established Supreme Court precedent, nor based on an unreasonable determination of the facts. Petitioner's application for habeas relief on this last claim is denied.

Conclusion

For the reasons stated herein, the court concludes petitioner's application for a writ of habeas corpus should be denied.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (Doc. 20), and petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254, are denied.

**IT IS SO ORDERED.**

DATED: This 15th day of February 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge